HENRY HERRMAN AND ISAAC HERRMAN, RESPONDENTS, *v.* WILLIAM R. GILBERT AND STEPHEN J. WEAVER, IMPLEADED WITH JOHN T. STEWART, APPELLANTS.

*Attachment — Seizure — what acts of plaintiff, a ratification of.*

APPEAL from a judgment entered on the verdict of a jury in favor of the plaintiffs, and from an order denying a new trial.

The defendants, appellants, merchants doing business in the city of New York, on the 18th day of September, 1873, sued out a writ of attachment against the property of one Henry Curran, said writ being directed to one John T. Stewart, a city marshal of the city of New York; the writ was placed in the hands of said Stewart by the attorney for the attaching creditors, with instructions to attach some goods that came from Lockport, down in Dey street.

Stewart, accompanied by one Walker, a salesman of Gilbert & Weaver, proceeded to No. 79 Dey street, and Walker, pointing to a lot of goods in the possession of one Lewis Greenbaum, said : "These are the goods," whereupon the marshal made a levy, by virtue of said writ, upon the goods of the plaintiffs herein. Mr. Greenbaum informed said marshal that said goods did not belong to Henry Curran, but to H. Herrman & Son ; whereupon Walker "started for Gilbert & Weaver to state to them how the trouble was about the goods, and then he returned and told Stewart to take the goods at all hazards," "by the authority of Gilbert & Weaver." The goods of the plaintiff were then seized and removed to an auction store, notwithstanding the protests of Greenbaum and his attorney. The plaintiffs then brought suit for the recovery of the value of the goods against the defendants Gilbert & Weaver, and John T. Stewart, the marshal. The counsel for Gilbert & Weaver asked the court to direct a verdict in their favor, on the ground that there was no evidence connecting them with the seizure, or any authority or ratification on their part. The motion was denied, and the court submitted the question of authority and ratification to the jury, to which they excepted.

The court at General Term say : "When a seizure is made of property and it is claimed by a third party, and he is com-

pelled to commence an action to recover it, and the person for whose benefit the seizure is made not only refuses to surrender it, but by answer to the suit thus commenced asserts it to be the property of the debtor, the ratification of the levy is complete — the assent to it established beyond doubt. The necessary legal elements are thus presented.

"The ratification is made with full knowledge of all the facts. (*Seymour* v. *Wyckoff*, 10 N. Y., 213 ; *Brass* v. *Worth*, 40 Barb., 648, 654; *Howell* v. *Christy*, 3 Lans., 242.) The learned justice was right in submitting that question to the jury, and the exceptions taken relating thereto cannot be sustained, * * * and the duty of this court is to affirm the judgment."

*A. J. Vanderpoel*, for the appellants, Gilbert & Weaver. *Ransom & Metz*, for the respondents.

Opinion by BRADY, J. ; DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.